UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TYRONE R. JOHNSON,  
    Plaintiff,

vs.

MICHAEL HUMPHREY, *et al.*,  
    Defendants.

Case No. 1:18-cv-43

Black, J.  
Bowman, M.J.

**ORDER AND  
SUPPLEMENTAL REPORT  
AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), in Lucasville, Ohio, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against various corrections officials. On March 30, 2018, the undersigned issued an Order and Report and Recommendation (Doc. 18), recommending that plaintiff's new claim set forth in his supplemental, "amended complaint" (Doc. 13) be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). On April 9, 2018, plaintiff filed "Objections to Report and Recommendation" (Doc. 20), setting forth new arguments not contained in his complaint, as amended. This matter has been recommitted to the undersigned for consideration of the new arguments contained in plaintiff's Objections. (*See* Doc. 21). Also before the Court, is plaintiff's second motion for a temporary restraining order and preliminary injunction. (Doc. 19).

    **A.**     **Background**

On March 5, 2018, the undersigned issued a Report and Recommendation (Doc. 7), which was adopted in a Decision and Entry issued on March 29, 2018 (Doc. 17), to dismiss plaintiff's complaint, with the exception of plaintiff's Eighth Amendment individual-capacity conditions-of-confinement claim asserted against defendant Lt. Eaches and Eighth Amendment individual-capacity excessive-force claim asserted against defendants D. McCroskey, Harold Bell, and Lt. Rodgers. (*See* Doc. 7, at PageID 101). Plaintiff then filed a motion seeking to have

the United States Marshal Service serve defendants Eaches, McCroskey, Bell, and Rodgers, which the undersigned granted on March 26, 2018. (Doc. 14).

In the meantime, on March 23, 2018, plaintiff filed a motion to amend his complaint (Doc. 13), which this Court interpreted as a motion to add a claim to his original complaint (*see* Doc. 6), and granted.

In accordance with the Prison Litigation Reform Act of 1995 (PLRA) § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b), the undersigned then *sua sponte* reviewed the complaint, as amended, to determine whether the complaint or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

Plaintiff's sole, additional claim, read in its entirety as follows:

> This officer [Rodney Osbourne] is responsible for assault and writing a false conduct report October 27, 2017 for resisting rules infraction 20, 21. A Use of Force and conduct report was not made known until November 29, 2017 after spending more then [sic] 30 days in segregation. This officer was responsible for assault when after Plaintiff, Tyrone Johnson was attacked, this officer knowingly caused harm and falsely presented a conduct report in regards to the incident that resulted assault, false segregation [sic].

(Doc. 13, at PageID 218).

The undersigned recommended dismissing the new claim. The undersigned found that plaintiff's allegation that defendant Osbourne "is responsible for assault" was utterly conclusory. (Doc. 18, at PageID 238). Additionally, the undersigned found that plaintiff had not stated a constitutional claim to the extent he alleged that defendant Osbourne wrote a false conduct report. (*Id.*, at PageID 238-39).

### B. Plaintiff's New Arguments

In his Objections (Doc. 20), plaintiff does not contend that the undersigned erred in the

2

above analysis. Instead, plaintiff adds the following new allegations, which the undersigned will allow under Fed. R. Civ. P. 15(a)[1] as a further amendment to his complaint.

> [O]n 10/27/17, plaintiff was attacked in the institution library, when correction officer had applied excessive force, after plaintiff submitted to handcuff restraint. After the handcuffs were applied, Officer Rodney Osbourne inflicted painful and injurious restraint by twisting and bending . . . [p]laintiff wrists that caused pain and suffering.
>
> Officer Rodney Osbourne is responsible for writing of the conduct, and production of the conduct report in the matter. On 11/29/18 the conduct report was produced more than 30 days of being in segregation that clearly violated DRC policy.

(Doc. 20, at PageID 245).

Liberally construed, the new allegations contained in plaintiff's Objections (Doc. 20) state an individual-capacity excessive-force claim against defendant Rodney Osbourne under the Eighth Amendment. At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that this claim is deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). As previously noted, the undersigned has also permitted plaintiff to proceed with an Eighth Amendment individual-capacity conditions-of-confinement claim asserted against defendant Lt. Eaches and an Eighth Amendment individual-capacity excessive-force claim asserted against defendants D. McCroskey, Harold Bell, and Lt. Rodgers. (*See* Doc. 7, at PageID 101).

The undersigned hereby **VACATES** the March 30, 2018 Order and Report and Recommendation **to the extent** the undersigned found that plaintiff's allegations failed to state an individual-capacity Eighth Amendment excessive-force claim against defendant Osbourne. However, for the reasons stated in the March 30, 2018 Order and Report and Recommendation

---

[1] Leave to amend a complaint shall be freely granted when justice requires. *See* Fed. R. Civ. P. 15(a). *See also Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (stating that Rule 15(a) embodies "a liberal policy of permitting amendments to ensure the determinations of claims on their merits").

(Doc. 18), plaintiff's remaining claims against defendant Osbourne should be dismissed for failure to state a claim upon which relief may be granted.

### C. Plaintiff's Second Motion for a Temporary Restraining Order and Preliminary Injunction

Plaintiff filed his first "Motion for a Temporary Restraining Order and Preliminary Injunction" on March 28, 2018. (Doc. 16). In that motion, plaintiff sought an injunction to compel a transfer to a different prison. (*Id*., at PageID 232). The undersigned has recommended that plaintiff's first motion for a temporary restraining order and preliminary injunction be denied. (Doc. 18, at PageID 239-41). The new arguments contained in plaintiff's Objections (Doc. 20) do not alter the undersigned's recommendation. Further, because plaintiff's second motion for a temporary restraining order and preliminary injunction (Doc. 19) offers no additional argument (*see* Doc. 19, at PageID 245), the undersigned recommends that the motion be denied for the same reasons provided in the March 30, 2018 Order and Report and Recommendation (Doc. 18, at PageID 239-41).

Accordingly, in sum, based on the new arguments contained in plaintiff's Objections (Doc. 20), the undersigned hereby **VACATES** the March 30, 2018 Order and Report and Recommendation **to the extent** the undersigned found that plaintiff's allegations failed to state an individual-capacity Eighth Amendment excessive-force claim against defendant Osbourne. However, for the reasons stated in the March 30, 2018 Order and Report and Recommendation, it is **RECOMMENDED** that plaintiff's remaining claims against defendant Osbourne should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B). It is further **RECOMMENDED** that for the reasons stated in the March 30, 2018 Order and Report and Recommendation (Doc. 18) that plaintiff's motions for a temporary restraining order and preliminary injunction (Docs. 16 & 19) be **DENIED.**

**IT IS THEREFORE ORDERED THAT:**

1. The March 30, 2018 Order and Report and Recommendation (Doc. 18) is **VACATED to the extent** the undersigned found that plaintiff's allegations failed to state an individual-capacity Eighth Amendment excessive-force claim against defendant Osbourne.

2. The United States Marshal Service shall serve a copy of the complaint, as amended (Docs. 6, 13 & 20), summons, and this Order and Supplemental Report and Recommendation upon defendant Osbourne.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Report and Recommendation of March 30, 2018 (Doc. 18) be adopted except as set forth herein.

2. Plaintiff's remaining claims against defendant Osbourne set forth in the "amended complaint" (Docs. 13 & 20) be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

3. Plaintiff's first and second motions for a temporary restraining order and preliminary injunction (Docs. 16 & 19) be **DENIED.**

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

TYRONE R. JOHNSON,             Case No. 1:18-cv-43
    Plaintiff,

                                                       Black, J.
vs.                                               Bowman, M.J.

MICHAEL HUMPHREY, *et al.*,
    Defendants.

## NOTICE

    Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).