# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

TYRONE JOHNSON,

    Plaintiff,

vs.

SHERIFF RICHARD JONES, *et al.*,

    Defendants.

Civil Action No. 1:18-cv-43

Black, J.
Bowman, M.J

## REPORT AND RECOMMENDATION

This civil action is now before the court on Defendants' McCroskey, Bell, Rodgers, Eaches and Osbourne ("Defendants") motion to dismiss both Plaintiff Tyrone R. Johnson's ("Plaintiff") original complaint (Doc.6) and his amended complaint (Doc. 13) (together the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

**I. Background and Facts**

On March 5, 2018, Plaintiff filed a thirteen-page complaint (Doc. 6) against fifteen defendants alleging fourteen claims. Upon initial screening of the complaint, several of Plaintiff's claims and eleven of the defendants were dismissed for failure to state a claim upon which relief could be granted. (Doc. 17). Plaintiff's Eighth Amendment individual capacity conditions-of-confinement claim against defendant Eaches and his Eighth Amendment individual capacity excessive-force claim against defendants McCroskey, Bell and Rodgers had survived its initial screening. *Id.* Thereafter, on March 23, 2018, Plaintiff moved the Court for leave to file an amended complaint against defendant Osbourne. (Doc. 13). Although the Court initially recommended that Plaintiff's claims

against defendant Osbourne be dismissed, (Doc. 18), as a result of Plaintiff's objections setting forth new arguments not contained in the amended complaint, the Court ruled that Plaintiff's Eighth Amendment individual capacity excessive-force claim against defendant Osbourne would likewise survive its initial screening. (Doc. 22).

Namely with respect to defendant Eaches, Plaintiff alleges that, on September 17, 2017, he was placed in segregation for a Rule 18—creating a disturbance—violation. (Doc. 1-1, at PageID 15). Although not entirely clear, it appears that Plaintiff claims that defendant Eaches placed him in a segregation cell that was covered in feces and did not have a mattress. (Doc. 1-1, at PageID 15). Plaintiff further claims that Eaches threatened to kill him and take his socks and underwear. (Doc. 1-1, at PageID 15). According to Plaintiff, he was kept in the cell for nine hours without a mattress. (Doc. 1-1, at PageID 15). When two corrections officers, who are not named as defendants, did bring plaintiff a mattress, it too was allegedly covered in feces. (Doc. 1-1, at PageID 15). Plaintiff claims that, in the morning, corrections officers brought him a different mattress, but refused to remove the dirty mattress. (Doc. 1-1, at PageID 15). Plaintiff alleges that he himself removed the mattress on September 19, 2017. (Doc. 1-1, at PageID 15).

Additionally, on September 18, 2017, while in segregation, Plaintiff complained to Captain Clark and Lt. Dyer, who are not named as defendants in the case, about his dislocated arm and indicated that placement in single handcuffs caused him pain. (Doc. 1-1, at PageID 15). He apparently indicated to Clark and Dyer that there should be a "double handcuff order" in his file. (Doc. 1-1, at PageID 15). Dyer purportedly explained that a double-handcuff order would have to go through the Major at SOCF and not

medical. (Doc. 1-1, at PageID 15). Plaintiff alleges that defendant McCroskey was "present for this conversation at the crash gate," but "tightened and squeez[ed] [Plaintiff's] handcuffs making it impossible for [Plaintiff] to bare the pain," while Plaintiff awaited an R.I.B. hearing. (Doc. 1- 1, at PageID 15).

Plaintiff asserts that, on September 28, 2017, "he was being taken to the institution infirmary leg shackled and handcuffed behind [his] back, when [defendant] Captain Harold Bell snatched [Plaintiff], hurting [Plaintiff's] left shoulder." (Doc. 1-1, at PageID 16). Plaintiff alleges that defendant Rodgers "then yanked [plaintiff's] arm while squeezing [Plaintiff's] hand . . . and twisting [Plaintiff's] hand while cuffed damaging [plaintiff's] nerve in his hands." (Doc. 1-1, at PageID 16). "To add insult to injury," Plaintiff asserts, Bell issued him a conduct report "for threats, [d]isobeying a direct order and disrespect." (Doc. 1-1, at PageID 16). According to Plaintiff, no one read him the conduct report, he was not present for the disciplinary hearing, and "no appeal process was given." (Doc. 1-1, at PageID 16). He alleges that the institution inspector "falsely stated" that Plaintiff "had refused . . . the hearing and appeal." (Doc. 1-1, at PageID 16). As a result of the conduct report, Plaintiff states that he "was placed in segregation for more than 40 days without any known conduct report." (Doc. 1-1, at PageID 16).

**II. Analysis**

**A.    Standard of Review**

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. See *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974) and *Lewis v. ACB Business*

*Services,* 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University,* 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB,* 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

**B. Liability Under Section 1983**

To establish a claim under § 1983, two elements are required: (1) conduct committed by a person acting under the color of state law that (2) deprives a plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *Gomez v. Toledo*, 446 U.S. 635 (1980); *Sargi v. Kent City Board of Educ.*, 70 F.3d 907, 913 (6th Cir.1995).

To state a §1983 claim, a plaintiff must allege not only that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal

4

law, *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978), but also that the defendant is personally responsible for the unconstitutional actions which injured him. *Balderson v. Mohr*, No. 2:12-CV-235, 2012 U.S. Dist. LEXIS 60567, at *2 (S.D. Ohio May 1, 2012); *see also Heyerman v. Cnty. of Calhoun*, 680 F.3d. 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior."); *Murphy v. Grenier*, 406 F. App'x 972 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability.").

Notably, the collective acts of multiple defendants cannot be ascribed to an individual defendant. Instead, the plaintiff must state a plausible constitutional violation against each defendant. *See Reilly v. Vadlamudi*, No. 11-1251, 2012 U.S. App. LEXIS 10614, at *10 (6th Cir. 2012) (*citing Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) ("[A] complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights." (citing *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Accordingly, "respondeat superior" or supervisory liability is not cognizable in a § 1983 action. "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Shehee v. Latrell*, 199 F.3d 295, 300 (6th Cir. 1999), quoting *Hays*

5

*v. Jefferson Cty., Ky.,* 668 F.2d 869, 874 (6th Cir. 1982). Furthermore, simple awareness followed by the failure to act will not impose liability under § 1983: "[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee*, 199 F.3d at 300 (quoting *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998)).

Here, Defendants' contend that Plaintiff's Complaint contains no facts suggesting Defendants participated in denying Plaintiff any constitutionally protected civil right. As such, all of the claims against them must be dismissed. The undersigned agrees.

   1. *Defendant Eaches*

Plaintiff alleges that on September 17, 2017, he was placed in segregation by Lt. Eaches, that Lt. Eaches not only made threats to kill him, but also took his underwear and socks, that the cell in which he was placed was covered with feces and lacked a mattress, and that the mattress which with he was later provided was covered with feces. (Doc 6, PageID 80). Plaintiff's allegations, however, fail to state a cognizable 1983 claim against Defendant Eaches.

As noted by Defendant, assuming arguendo that Lt. Eaches did threaten Plaintiff, such verbal abuse is not actionable under the Eighth Amendment. *Ivey v. Wilson*, 832 F.2d 950 (6th Cir. 1987); *Knecht v. Collins*, 903 F. Supp. 1193, 1203 (S.D. Ohio 1995); *Lakhani v. Seneca Cty. Sheriff's Office*, Case No. 3:10 CV 00011, 2011 U.S. Dist. LEXIS 78424 (N.D. Ohio 2011).

Additionally, short-term mattress deprivations fail to state a constitutional claim. *Harris v. Connolly*, No. 5:14-cv-128, 2016 U.S. Dist. LEXIS 19661, 2016 WL 676468,

at *4 (W.D.N.C. Feb. 18, 2016) (collecting cases). Notably, Plaintiff appears to allege that he was deprived of a mattress for no more than nine hours. As noted by Defendant, although "frequent or long-term deprivations" may be constitutionally problematic, *Gilland v. Owens*, 718 F. Supp. 665, 685 (W.D. Tenn. 1989), "the responsibilities of the [prison] increase as the period of the detainee's incarceration grows longer. Conditions that might be tolerable for ten days, might be unacceptable if imposed for a month or longer." *Campbell v. McGruder*, 580 F.2d 521, 532, 188 U.S. App. D.C. 258 (D.C. Cir. 1978). *See also Lareau v. Manson*, 651 F.2d 96, 105 (2d Cir. 1981) ("the length of the confinement cannot be ignored in assessing its constitutionality. Conditions unacceptable for weeks or months might be tolerable for a few days".)

Plaintiff further contends Lt. Eaches "placed" him in segregation in violation of his constitutional rights. However, confinement in segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 468, 103 S. Ct. 864, 74 L. Ed. 2d 675 (1983). Thus, it is considered atypical and significant only in "extreme circumstances." *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010).

Additionally, as noted above, Plaintiff alleges that on September 17, 2017, while in segregation, he was given a feces-covered mattress. He further asserts that the feces covered mattress was removed two days later on September 19, 2017. (Doc. 1, PageID 15). Notably, an Eighth Amendment conditions-of-confinement claim requires an inmate to show "that he was deprived of the 'minimal civilized measure of life's necessities.'" *Williams v. Luetzow*, 2006 WL 1627468 at *6 (W.D. Mich. Jun. 9, 2006) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59

(1981)); see also *Bey v. Luoma*, No. 2:06-CV-243, 2009 U.S. Dist. LEXIS 26366, 2009 WL 884630, at *2-3 (W.D. Mich. 2009) (holding where plaintiff alleged defendants exposed him to human waste fumes for approximately six months causing sickness, migraine headaches, nosebleeds, and lack of appetite, that defendants' conduct did not violate the Eighth Amendment).

Although certainly not a pleasant environment, Plaintiff has not alleged facts indicating that the conditions were "sufficiently serious" to amount to a constitutional violation. Id. Plaintiff does not allege that prison officials allowed the unsanitary condition to persist by refusing to allow him to clean his own cell. (Doc. 6, PageID 81). Moreover, the allegedly unsanitary conditions were only temporary in Plaintiff's segregation cell. *See Sterling v. Smith*, No. CV606-103, 2007 U.S. Dist. LEXIS 16577, 2007 WL 781274, at *4 (S.D. Ga. Mar. 8, 2007) (citing *McNatt v. Unit Manager Parker*, No. 3:96CV1397 AHN, 2000 U.S. Dist. LEXIS 20468, 2000 WL 307000, at *4 (D. Conn. Jan. 18, 2000)) (the Eighth Amendment is generally not violated where unsanitary conditions are temporary); *Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997) (six-month stay in administrative segregation, even if the prisoners found their cells infested with vermin, smeared with human feces and urine, flooded with water, and unbearably hot, were not so atypical conditions that exposure to them imposed "atypical and significant hardship"); *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001). Accepting Plaintiff's allegations as true, being in a cell with a feces-covered mattress for two days does not rise to the level of an Eighth Amendment conditions-of-confinement claim.

Similarly, Plaintiff's claim that Defendant Eaches threatened to confiscate his

underwear and socks while in segregation also fails to state a claim for relief for any constitutional violation. As noted by Defendants, unruly inmates often use their clothing to clog the toilet or sink, causing the cell to flood. *Abner v. County of Saginaw Cty.*, 496 F. Supp. 2d 810, 818 (E.D. Mich. 2007). Furthermore, Plaintiff has not claimed any injury or harm as a result of the alleged unpleasantness. Without an allegation of injury or harm, a plaintiff does not state a viable Eighth Amendment claim. *Bowers v. Power*, No. 3:17-cv-01599, 2018 U.S. Dist. LEXIS 63714 (M.D. Tenn. 2018) (citing *Moore v. Parker*, No. 5:13CV-P81-R, 2013 U.S. Dist. LEXIS 175734, 2013 WL 6590395, at *4 (W.D. Ky. Dec.16, 2013) (finding that, "[i]n any event, Merchant does not allege that he was subjected to any physical injury as a result of the actual conditions in the segregated housing unit, and 42 U.S.C. § 1997e(e) precludes any claim by a prisoner 'for mental or emotional injury suffered while in custody without a prior showing of physical injury.'").

In light of the foregoing, Defendant Eaches' motion to dismiss is well taken and should be granted.

### 2. Defendants McCroskey, Bell, Rodgers, and Osbourne

As detailed above, Plaintiff alleges Defendant McCroskey placed his handcuffs too tightly around his wrists, purportedly in violation of his rights under the Eighth Amendment. Namely, to state a claim that defendant McCroskey used excessive force in handcuffing Plaintiff, he must plausibly allege "(1) that he complained the handcuffs were too tight; (2) defendant [McCroskey] ignored those complaints; and (3) Plaintiff experienced some physical injury resulting from the handcuffing." *O'Malley v. City of Flint*, 652 F.3d 662, 671 (6th Cir. 2011). Here, Plaintiff does not allege that he

9

complained to defendant McCroskey that his handcuffs were too tight. To the contrary, Plaintiff alleges that he complained that he needed double handcuffs. However, as noted above, there was no "double handcuff order" in Plaintiff's file and Plaintiff was told that a double-handcuff order would have to go through the Major at SOCF. (Doc. 1, PageID 15). In light of the foregoing, the undersigned finds that Plaintiff's complaint fails to state a claim for relief against defendant McCroskey.

Next, with respect to Defendants Bell and Rogers, Plaintiff claims that defendant Bell used excessive force when he "snatched" Plaintiff and hurt his left shoulder. (Doc. 6, Page ID 81). Similarly, Plaintiff's claims that Defendant Rogers "yanked [his] arm while squeezing [his] hand while cuffed and twisting [his] hand while cuffed damaging [his] nerve in his hands." (Doc. 6, PageID 81). Such allegations, however, fail to state a claim for relief for violations of Plaintiff's rights under the Eighth Amendment.

Notably, the Sixth Circuit has interpreted the PLRA, § 1997e(e), to require that prisoners bringing claims under the Eighth Amendment show more than de minimis physical injuries. *Hunter v. Clark*, No. 2:11-CV-06, 2013 WL 3049085 (E.D. Tenn. 2013) (citing *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010). *De minimis* injuries for purposes of § 1997e(e) may include such things as swelling, pain and cramps. *Jarriett v. Wilson*, 162 Fed. App'x. 394, 400-401 (6th Cir. 2005). For purposes of § 1997e(e), de minimis injuries may also include bruises and/or cuts. *Corceetti v. Tessmer*, 41 Fed. App'x. 753, 755 (6th Cir. 2000). Here, Plaintiff fails to allege any actual injury and/or that he complained that his left shoulder was injured. Other than the alleged "snatching" by Defendant Bell there is no mention of any injury other than a vague suggestion that Plaintiff's left shoulder was "hurt." (Doc. 6, PageID 81). It is well established that a

plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiff's claims against Defendant Bell fail to do so. Accordingly, Defendant Bell's motion to dismiss is well-taken and should be granted.

Moreover, Plaintiff alleges that a nerve in his hand was damaged after Defendant Roger's "yanked" his arm. (Doc. 6, PageID 81). But other than his own self-serving allegations and conclusions, the Complaint provides no facts regarding this alleged injury. As noted by Defendants, under the objective prong of the Eighth Amendment excessive force inquiry, Plaintiff's allegations fail to describe physical contact that could be considered as sufficiently serious to offend contemporary standards of decency. *Perry v. Agric. Dep't,* Civil Action No. 6:14-168- DCR, 2016 U.S. Dist. LEXIS 25375 (E.D. Ky. 2016) (prisoner's claim that he was pushed and that his handcuffs were yanked upwards does not describe physical contact that could be considered sufficiently serious to offend contemporary standards of decency). And although the subjective component requires that the "offending conduct . . . be wanton," *Wilson v. Seiter*, 501 U.S. 294, 302 (1991), nowhere in the Complaint is there any suggestion that defendant Rogers was aware that Plaintiff claimed he suffered a nerve injury to his hand.

Furthermore, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Johnson v. Glick*, 481 F.2d 1028, 1031 (2d Cir. 1973). The Supreme Court has cited *Johnson* as authority for the proposition that not every "malevolent touch" by a prison guard gives rise to a federal cause of action. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing

11

*Johnson*, 481 F.2d at 1031). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* (some internal quotation marks omitted). Therefore, Plaintiff's claim against defendant Rodgers, namely that he "yanked, "squeezed," and "twisted" his hand while in the process of cuffing him fails to state a claim for relief under the Eighth Amendment.

Last, Plaintiff alleges that on October 27, 2017, defendant Osbourne "inflicted painful and injurious restraint by twisting and bending Plaintiff's wrists that caused pain and suffering." (Doc. 20, PageId 245).[1]

As noted above, to state a claim that defendant Osbourne used excessive force in handcuffing Plaintiff, he must plausibly allege "(1) that he complained the handcuffs were too tight; (2) defendant [Osbourne] ignored those complaints; and (3) Plaintiff experienced some physical injury resulting from the handcuffing." *O'Malley v. City of Flint*, 652 F.3d 662, 671 (6th Cir. 2011). Here, Plaintiff's bare bones objections do too little to flesh out his Complaint sufficiently to avoid dismissal. (Doc. 20 at 1). Nowhere do the objections claim Plaintiff complained that the alleged twist or bend were painful, that defendant Osbourne ignored the complaint, or that the Plaintiff suffered any physical injury as a result. (Doc. 13, PageID 218).

---

[1] As noted above, upon initial screening of the complaint, the undersigned recommended that Plaintiff's claim against defendant Osbourne be dismissed. However, in his objections to the R&R, Plaintiff alleges that on October 27, 2017, defendant Osbourne "inflicted painful and injurious restraint by twisting and bending Plaintiff's wrists that caused pain and suffering." Doc. 20, PageId 245. As such, the District judge sustained Plaintiff's objections and permitted Plaintiff's claim against Defendant Osborne to proceed.

**III. Conclusion**

In light of the foregoing, the Court **RECOMMENDS** that Defendants' Motion to Dismiss (Doc. 26) be **GRANTED,** all pending motions be **DENIED as MOOT** (Doc. 24, 28, 33) and this matter be **CLOSED.**

                *s/ Stephanie K. Bowman*
                Stephanie K. Bowman
                United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TYRONE JOHNSON, | Civil Action No. 1:18-cv-43 |
| Plaintiff, | Black, J.<br>Bowman, M.J |
| vs. | |
| SHERIFF RICHARD JONES, *et al.*, | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).